UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YANN IANNUCCI,                    Case No. 16-10255

        Plaintiff,                   Matthew F. Leitman
v.                                 United States District Judge

STATE OF MICHIGAN, *et al*,             Stephanie Dawkins Davis
                                                       United States Magistrate Judge

        Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT MOTIONS
TO DISMISS (Dkt. 18, 23, 24, 32) AND TERMINATE MOTIONS
AS MOOT (Dkt. 5, 17, 22, 28, 31, 45, 47, 51)**

**I. PROCEDURAL HISTORY**

Plaintiff filed this action claiming unspecified violations of his federal rights and RICO violations against the State of Michigan, its governor, Rick Snyder, its Attorney General William Schuette, Assistant Attorney General Robert Viar and its Friend of the Court Bureau Director, Steven Capps, and Probation Department Field Agent Carolyn Black,[1] as well as employees of the Macomb County Friend of the Court, Zaira Maio, Catherine Cole, Valerie Berishaj and Janine Darlow, his former defense attorney, Gail Pamukov-Miller and the Executive Administrator for the Third Judicial Circuit Court of Michigan, Zenell

---

[1] Defendant Black is erroneously identified as a Macomb County employee in Plaintiff's complaint.

1

Brown. (Dkt. 1). Plaintiff's claims arise from his 2011 divorce; he asserts that the child support he was ordered to pay and his subsequent criminal conviction for failure to pay that child support violate unspecified federal protections. (Dkt. 1; Macomb County Circuit Court Case No. 10-6282-DM; Macomb County Circuit Court Case No. 13-2129-FH; *People v. Iannucci*, 2016 WL 232330 (Mich. App. Jan. 19, 2016). Among his various claims for relief, plaintiff requests that his right to vote and to purchase firearms be restored, that he be permitted to travel without restrictions and that his probation reporting obligations be rescinded. (Dkt. 5). This case was referred to the undersigned for all pretrial purposes by District Judge Matthew F. Leitman. (Dkt. 16).

In lieu of answers to plaintiff's complaint, the various defendants filed separate motions to dismiss arguing, *inter alia*, that this court lacks subject matter jurisdiction over plaintiff's claims. (Dkt. 18 [defendants Maio, Cole, Berishaj and Darlow, herein "Macomb Defendants"]; Dkt. 23 [defendant Pamukov-Miller]; Dkt. 24 [defendants Snyder, Schuette, Viar, Capps and Black, herein "State Defendants"]; Dkt. 32 [defendant Brown]). Plaintiff filed responses opposing the defendants' motions (Dkt. 35, 37, 38 and 39) and defendants (with the exception of defendant Brown) filed reply briefs in support of their motions. (Dkt. 40, 49 and 50). Defendants' motions are now ready for report and recommendation.

For the reasons set forth below, the undersigned **RECOMMENDS** that the

defendants' motions to dismiss (Dkt. 18, 23, 24 and 32) be **GRANTED**, plaintiff's complaint be **DISMISSED**, and pending motions (Dkt. 5, 17, 22, 28, 31, 45, 47 and 51) be **TERMINATED AS MOOT**.

## II. PARTIES' ARGUMENTS

Plaintiff argues that defendants actively participated in or contributed to a scheme to violate his rights under the Constitution and federal law, and that he is entitled to relief for these violations under 42 U.S.C. §1983. Specifically, plaintiff asserts that, in adjudicating his divorce, the Macomb County Circuit Court erred by ignoring his asserted federal protections and using his veterans compensation benefits to calculate his child support payment. (Dkt. 37, 38, 39). Plaintiff asserts that the defendants' violations of his rights were compounded by his criminal prosecution in Macomb County Circuit Court, for failing to pay those child support obligations. (*Id.*).

Defendants argue that this Court lacks subject matter jurisdiction over plaintiff's claims under the *Rooker-Feldman*[2] doctrine and cannot provide the relief plaintiff seeks, namely - the repudiation of his state court-ordered child support, and the invalidation of his state court conviction for failure to pay child support. Defendants further argue that plaintiff has failed to state a cognizable

---

[2] The *Rooker-Feldman* doctrine is named for *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

claim under § 1983 that his conviction was unconstitutionally obtained, because that conviction has not been reversed, expunged or otherwise invalidated pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994) and its progeny.[3]

Plaintiff counters that the court does have subject matter jurisdiction over his claims because they fall within the recognized exception to the *Rooker-Feldman* doctrine for state court judgments procured through fraud, deception, accident or mistake, citing *Sun Valley Foods Co. v. Detroit Marine Terminals, Inc.*, 801 F.2d 186, 189 (6th Cir. 1985) and *McCormick v. Braverman*, 451 F.3d 382 (6th Cir. 2006). In support, plaintiff argues that his injury was caused by fraud on the part of defendants, rather than by the state court judgments themselves. Thus, by plaintiff's reckoning, his claims for relief are not barred by *Rooker-Feldman*. (Dkt. 37, 38, 39).

## III. LEGAL ANALYSIS AND CONCLUSIONS

Plaintiff's complaint asserts that civil orders and criminal judgments issued

---

[3] All the defendants seek dismissal on grounds of lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), as well as for failure to state a claim upon which relief may be granted pursuant to Fed.R.Civ.P. 12(b)(6). They all also assert Fed.R.Civ.P. 8(a) and the insufficiency of plaintiff's factual allegations under the *Twombly* and *Iqbal* standards as grounds for dismissal. (Dkt. 18, 23, 24, 32). Defendant Brown also asserts Fed.R.Civ.P. 12(b)(5) as a basis for her dismissal (Dkt. 32); defendant Pamukov-Miller asserts lack of supplemental jurisdiction over any state claims as grounds for dismissal of plaintiff's complaint against her. (Dkt. 23). State Defendants rely on sovereign immunity under the Eleventh Amendment and absolute prosecutorial immunity as alternate grounds for dismissal for the State of Michigan and defendant Viar, respectively. (Dkt. 24). Because the undersigned finds that this Court lacks subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), the defendants' arguments for alternate grounds for dismissal need not be addressed.

and affirmed by Michigan courts relating to the calculation of child support payments and his failure to pay that support violate his Constitutional and other unnamed federal rights. He therefore requests that this Court provide relief from the execution of those orders and judgments. However, the aforementioned *Rooker-Feldman* doctrine prohibits federal courts, other than the United States Supreme Court, from exercising "appellate jurisdiction over the decisions and/or proceedings of state courts, including claims that are 'inextricably intertwined' with issues decided in state court proceedings." *Executive Arts Studio, Inc. v. City of Grand Rapids*, 391 F.3d 783, 793 (6th Cir. 2004) (citations omitted). The Supreme Court has explained that the *Rooker-Feldman* doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments ... and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

    A.    <u>*Rooker-Feldman* Doctrine Precludes Subject Matter Jurisdiction</u>

The pertinent question in determining whether a federal district court is precluded under the *Rooker–Feldman* doctrine from exercising subject-matter jurisdiction over a claim "is whether the 'source of the injury' upon which plaintiff bases his federal claim is the state court judgment." *In re Cook,* 551 F.3d 542, 548 (6th Cir. 2009) (quoting *Lawrence v. Welch,* 531 F.3d 364, 368 (6th Cir.2008) and

*McCormick v. Braverman*, 451 F.3d 382, 394 (6th Cir. 2006)). This is true even if the party challenges the validity of the state court judgment on constitutional grounds. *See Lawrence*, 531 F.3d at 369. Because plaintiff's claims assert the invalidity of the state court order for child support and the state court conviction for failure to pay child support, the *Rooker–Feldman* doctrine applies here and precludes a review of these claims by this Court.

      B.     <u>*Rooker-Feldman* Exception Does Not Apply</u>

Plaintiff's attempted reliance on the *Rooker-Feldman* exception carved out in *McCormick v. Braverman,* 451 F.3d 382 (6th Cir. 2006) is misplaced. In *McCormick*, the Sixth Circuit ruled that the relevant inquiry in applying the *Rooker-Feldman* doctrine is the source of the injury the plaintiff alleges in the federal complaint. *Id.* at 393. If the source of the injury is the state court decision itself, then the *Rooker-Feldman* doctrine prevents the district court from asserting jurisdiction. On the other hand, if there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim and federal jurisdiction may obtain. *Id*. The *McCormick* court determined that *Rooker-Feldman* did not bar all of plaintiff's claims regarding her loss of ownership of certain real property because some of those claims asserted that the state court judgments (which divested plaintiff of ownership of the real property at issue) were procured by individual defendants through fraud, misrepresentation, or other

improper means. *Id.* Specifically, plaintiff in *McCormick* claimed three things - that certain individual defendants: (1) committed fraud and misrepresentation in her parents' divorce proceedings; (2) intentionally and improperly omitted plaintiff as a party to the litigation concerning the order of receivership over the real property in order to deprive her of the opportunity to assert her claim to the property; and (3) committed abuse of process in the proceedings between her mother and her father's estate. Plaintiff argued that these alleged illegal actions resulted in rulings stripping her of ownership of the real property at issue. *Id.*

In the instant case plaintiff argues that, like the plaintiff's claims in *McCormick*, his claims are independent and allege injury from the defendants' fraud in the underlying state court proceedings and not from the state court orders themselves. (Dkt. 37, 38, 39). Yet, this argument is inconsistent with the factual allegations contained in plaintiff's own pleadings. In fact, plaintiff's complaint expressly asserts that he was harmed by and seeks relief from the child support order and the state court conviction themselves. Importantly, he does not allege facts supporting a claim of fraud. Rather, the complaint's statement of claim contains the following specific allegations of harm to plaintiff derived from the orders:

- plaintiff was ordered to pay child support from his veterans compensation benefits;

7

- the court increased the support from $250/month to $875/month;

- the court continuously ignored the apportionment ruling from the Department of Veterans Affairs;

- plaintiff was convicted by a jury

- the Michigan Court of Appeals returned an unfavorable ruling against plaintiff;

- at sentencing, plaintiff was ordered to get a job to pay financial demands of the court;

- the court demanded he pay $300/month in addition to child support demand.

(Dkt. 1). Plaintiff also attached an affidavit asserting that the court's application of "Michigan Family Code" allowing his VA award to be considered in calculation of child support is unjust and inappropriate; and that his current child support calculation must not take into consideration any of his VA award as this violates several provisions of U.S. Code and discriminates against plaintiff in violation of 42 U.S.C. §12203. (*Id*.). Plaintiff further avers in his affidavit that the refusal of the Michigan state court judge to accept higher federal court rulings on the limitations of the state's jurisdiction in matters of national security can be seen as treasonous under the color of law and totally disregards his procedural due process rights. (*Id.*).

Thus, though plaintiff argues at least superficially in his briefs that the

various individual defendants engaged in fraud and other dishonesty in the proceedings that resulted in state-court orders for support and criminal conviction, the complaint itself does not allege fraud against any defendant even generally, let alone with the degree of particularity required by Fed. R. Civ. P. 9(b).[4] Instead, Plaintiff's complaint alleges that defendant Maio "claimed that [plaintiff's] legal argument was insolvent, and concluded that plaintiff was in receipt of...payments for active duty military personnel." (Dkt.1). Against defendant Pamukov-Miller, plaintiff asserts "she [did] not represent the client, but applie[d] psychological pressure, ma[de] several direct threats to him, and indicts herself regarding the case of a naval veteran, who was pressured into surrendering the finances demanded by the court." (*Id.*). Plaintiff asserts that defendant Cole "cited that the computer generates income withholding orders, but that the computer can be manipulated to generate an income withholding order by a human operator." (*Id.*). Plaintiff alleges that defendant Snyder denied his request for a pardon and that defendant Schuette "ignored federal laws presented to him." (*Id*). Plaintiff alleges that defendant Black "chose to impose unusually strict demand [sic] upon [him]." (*Id.*) Plaintiff alleges that defendant Brown's name "was found in a document that

---

[4] Under that Rule, to adequately plead a fraud claim, a plaintiff must allege: 1) the time, place, and content of the alleged misrepresentation; 2) the fraudulent scheme; 3) the fraudulent intent of the defendants; and 4) the injury resulting from the fraud. *Bennett v. MIS Corp.*, 607 F.3d 1076, 1100 (6th Cir. 2010).

9

claimed no laws applied to the veterans' compensation and that there was no authority over the payments." (*Id.*) Finally, plaintiff asserts that defendant Capps "obviously ordered the Michigan Friend of the Court system to assume subject matter jurisdiction over veterans compensation payments, while ignoring the plain wording of several federal laws." (*Id.*) Plaintiff's complaint does not contain specific allegations against defendants Viar, Darlow or Berishaj. (*Id.*)

None of plaintiff's allegations specify a misrepresentation made by a defendant, nor do they suggest a fraudulent scheme or intent. *See Bennett*, 607 F.3d at 1100. Accordingly, without any cognizable allegations of fraud, plaintiff cannot avail himself of the underlying fraud exception to the *Rooker-Feldman* doctrine. As a result, plaintiff cannot seek collateral review of his state court-ordered child support obligations or his state court criminal conviction in federal court. *See In re Cook*, 551 F.3d at 548.

C. <u>Claims Are an Impermissible Collateral Attack on State Conviction</u>

Additionally, the undersigned agrees with defendants that plaintiff's claims constitute an impermissible collateral attack on the validity of his state court conviction. *Heck v. Humphrey*, 512 U.S. 477 (1994). To state a cognizable claim for relief for an allegedly unconstitutional conviction under § 1983, a plaintiff must prove the conviction has been reversed on direct appeal, expunged or otherwise invalidated. *Heck,* 512 U.S. at 486-487. This prerequisite to § 1983

relief applies as much to persons no longer incarcerated as it does to prisoners in custody. *Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir. 1995).

In the case at bar, plaintiff was convicted by a jury, and that conviction was affirmed by the Michigan Court of Appeals on January 19, 2016. Because plaintiff's conviction has not been successfully invalidated, his § 1983 claims for relief from that conviction are barred.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that defendants' motions to dismiss (Dkt. 18, 23, 24, 32) be **GRANTED,** plaintiff's complaint against defendants be **DISMISSED**, and pending motions (Dkt. 5, 17, 22, 28, 31, 45, 47, 51) be **TERMINATED** as **MOOT**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: May 10, 2016   s/Stephanie Dawkins Davis
　　　　　　　　　　　　　　　　　Stephanie Dawkins Davis
　　　　　　　　　　　　　　　　　United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I certify that on May 10, 2016, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record and that I have mailed by United States Postal Service to the following non-ECF participant: Yann Iannucci, 19232 Connecticut Street, Roseville, MI 48066.

　　　　　　　　　　　　　　　　　s/Tammy Hallwood
　　　　　　　　　　　　　　　　　Case Manager
　　　　　　　　　　　　　　　　　(810) 341-7887
　　　　　　　　　　　　　　　　　tammy_hallwood@mied.uscourts.gov