UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YANN IANNUCCI,

      Plaintiff,

v.

STATE OF MICHIGAN *et al.*,

      Defendants.

_____/

Case No. 16-cv-10255
Hon. Matthew F. Leitman

## ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF #55) AND GRANTING DEFENDANTS' MOTIONS TO DISMISS (ECF ## 18, 23, 24)

In this action, Plaintiff Yann Iannucci ("Iannucci") seeks review of, and relief from, (1) a child support order entered in his state-court divorce proceedings and (2) a state-court criminal judgment entered after the State of Michigan successfully prosecuted him for failing make the court-ordered child-support payments. (*See* Compl., ECF #1 at 2-3, Pg. ID 2-3.) Iannucci contends that these orders were contrary to federal law because the state courts improperly included income from his federally-provided veterans' benefits when calculating his child support obligations. (*See id.*)

1

Defendants[1] have filed three separate motions to dismiss Iannucci's Complaint (the "Motions to Dismiss").  (*See* ECF ## 18, 23, 24.)  The assigned Magistrate Judge has issued a Report and Recommendation in which she has recommended that the Court grant the Motions to Dismiss because the Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine[2] (the "R&R").  (*See* ECF #53.)  That doctrine provides that a federal district court lacks jurisdiction to hear "cases brought by state-court losers complaining of injuries caused by state-court judgments . . . and inviting district court review and rejection of those judgments."  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  The Magistrate Judge concluded that the Court lacks subject matter jurisdiction because Iannucci is complaining about injuries caused by the state-court divorce and criminal judgments entered against him.  (*See* R&R, ECF #53.)

---

[1] Iannucci has named the following eleven defendants in this action:  Governor Rick Snyder, Attorney General William Schuette, Assistant Attorney General Robert Viar, Michigan Friend of the Court Director Steven Capps, Macomb County Friend of the Court Referee Zaira Maio, Macomb County Friend of the Court Investigators Janine Darlow and Valeria Berishaj, Macomb County Probation Department Field Agent Carolyn Black, Catherine Cole, Gail Pamukov-Miller (Iannucci's attorney in the state-court criminal action), and Zenell Brown (collectively, "Defendants").  (*See* Compl., ECF #1 at 1-2, Pg. ID 1-2.)  For ease of reference, the Court refers to each Defendant in this action by his or her last name.

[2] The so-called *Rooker-Feldman* doctrine was established by two United States Supreme Court cases: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

2

The Magistrate Judge also suggested an alternative ground for dismissal of some of Iannucci's claims. She noted that Iannucci has alleged that the Defendants committed fraud (including perjury and fabricating evidence) during his criminal case, and she explained that these claims are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), because the claims amount to "an impermissible collateral attack on the validity of Iannucci's state court conviction" and because that conviction has "not been successfully invalidated." (R&R, ECF #53 at 10-11, Pg. ID 537-38.)

Iannucci filed timely objections to the R&R (the "Objections").[3] (*See* ECF #55.) In the Objections, Iannucci argues that the *Rooker-Feldman* doctrine does not apply because he has alleged that the state-court judgments were obtained by fraud and that his alleged injuries were caused by the Defendants' misconduct, not by the judgments themselves. (*See id.* at 1, 3, Pg. ID 556, 558.) Notably, Iannucci has *not* objected to (nor even mentioned) the portion of the R&R suggesting dismissal (in part) under *Heck*.

The Court agrees with the Magistrate Judge that Iannucci's action fits squarely within the *Rooker-Feldman* doctrine because Iannucci is complaining about injuries caused by state-court judgments. Indeed, several federal circuit courts of appeals have held that this doctrine precludes a district court from

---

[3] Iannucci originally filed objections to the R&R on May 18, 2016. (*See* ECF #54.) Iannucci then filed an amended set of objections to the R&R on May 20, 2016. (*See* ECF #55.) The Court treats Iannucci's amended objections as the operative objections in this Order.

3

exercising jurisdiction over actions just like this one.   *See, e.g.*, *McSparin v. McSparin*, 489 Fed. App'x 348, 350-51 (11th Cir. 2012) (holding that federal district court lacks subject matter jurisdiction over action alleging that state court wrongly ordered plaintiff to pay child support from veterans' benefits); *Fortune v. Domestic Relations York County*, 440 Fed. App'x 58, 59 (3d Cir. 2011) (same); *Brackman v. Indiana*, 93 Fed. App'x 989, 991-92 (7th Cir. 2004) (same). Moreover, Iannucci has waived any challenge to the R&R's alternative recommendation that his claims related to the alleged fraud in his criminal case are prohibited under *Heck*, and, in any event, the Court agrees with the Magistrate Judge that *Heck* bars those claims.

Accordingly, for the reasons explained in more detail below, the Court **OVERRULES** the Objections, **ADOPTS** the Magistrate Judge's recommendation that the Court dismiss the Complaint, **GRANTS** the Motions to Dismiss, and **DISMISSES** the Complaint.

## I.

Iannucci is a disabled veteran who previously served in the United States Army.  (*See* Compl., ECF #1 at 6, Pg. ID 6.)   In 2011, he filed for, and was granted, a divorce from his wife.  (*See id.* at 1, Pg. ID 1.)   In the divorce proceedings, the Macomb County Circuit Court "ordered [Iannucci] to pay child support from his title 38 veterans compensation benefits." (*Id.* at 2, Pg. ID 2.)

4

Iannucci was later criminally prosecuted for, and convicted by a jury of, failing to pay child support. (*Id.*) The Michigan Court of Appeals affirmed that conviction. (*Id.*; *see also People v. Iannucci*, 2016 WL 232330 (Mich. Ct. App. 2016).)

Iannucci now brings this *pro se* action against the Governor of the State Michigan, the Michigan Attorney General, a Friend of the Court Referee, his criminal defense attorney (whom he fired before his trial) and others involved his divorce and criminal cases. (*See* Compl., ECF #1 at 1-2, Pg. ID 1-2.) He alleges that the child support order and the subsequent criminal conviction were both unlawful because federal law prohibited the State of Michigan from requiring him to pay child support from his federally-provided veterans' benefits. (*Id.*) He complains that the state-court judge presiding over his divorce case "continuously ignored the federal ruling" that purportedly protected his benefits payments. (*Id.* at 2, Pg. ID 2.) He likewise asserts that the Michigan Court of Appeals wrongly affirmed his criminal conviction without citing any "federal laws or federal cases." (*Id.* at 3, Pg. ID 3.) And he has attached to his Complaint an "Affidavit in Support of Child Custody Case" in which he sets forth at length his argument as to how federal law precluded the state courts from requiring him to pay child support from his veterans' benefits. (*Id.* at 6-11, Pg. ID 6-11.)

For his requested relief, Iannucci asked this Court "to enforce federal laws, protect my rights and freedom, and hold those accountable who . . . were involved

5

in any criminal activity involving violation of my federal protections." (*Id.* at 3, Pg. ID 3.)  Iannucci also filed a motion for a preliminary injunction in which he further developed his theory that the state-court orders entered against him were unlawful (the "Preliminary Injunction Motion").  (*See* ECF #5.)  In the Preliminary Injunction Motion, Iannucci asked the Court to bar the state courts from requiring him to pay child support from his veterans' benefits, to restore his "second amendment rights," to permit him "to travel without restrictions," and to terminate "all reporting demands to the Macomb County Probation Department and Michigan Department of Corrections." (*Id.* at 1-6, Pg. ID 38-43.)  Iannucci also asked the Court "to acquit" him of the criminal charges on which the state court convicted him.  (Objections, ECF #55 at 8, Pg. ID 563.)

Iannucci has explained to the Court that he is "working together" with Peter Barclay ("Barclay") to challenge state-court orders like the ones entered against him in this action.  (Motion for Preliminary Injunction, ECF #5 at 7, Pg. ID 41.) Barclay is a veteran (from Oregon) who, like Iannucci, was ordered to pay child support from his veterans' benefits.  (*See id.*)  Iannucci highlights that he and Barclay "often copy each other's writings," and he directs this Court to a similar civil action filed by Barclay in the United States District Court for the District of Oregon.  (*Id.*)  In that action, Barclay challenged a state-court order that required him to pay child support from his veterans' benefits.  Notably, the federal court in

Oregon summarily dismissed Barclay's claims on the ground that it lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine.  *See Barclay v. Oregon*, No. 6:15-cv-01920, ECF No. 10 (D. Or. Dec. 8, 2015).

The Magistrate Judge reached a similar conclusion in this action.  She explained that under the *Rooker-Feldman* doctrine, a federal court may not exercise jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments . . . and inviting district court review of those judgments."  (R&R, ECF #53 at 5, Pg. ID 532 (quoting *Exxon Mobil Corp.*, 544 U.S. at 284).)  She carefully reviewed Iannucci's Complaint and determined that he was complaining about injuries caused by the state-court judgments:

> In fact, plaintiff's complaint expressly asserts that he was harmed by and seeks relief from the child support order and the state court conviction themselves . . . the complaint's statement of claim contains the following specific allegations of harms to plaintiff derived from the orders:
>
> - plaintiff was ordered to pay child support from his veterans benefits;
>
> - the [state] court increased the support obligation from $250/month to $875/month;
>
> - the [state] court continuously ignored the apportionment ruling from the Department of Veterans Affairs;
>
> - plaintiff was convicted [of failing to pay child support] by a jury;

7

- the Michigan Court of Appeals returned an unfavorable ruling against plaintiff [in his criminal appeal];

- at sentencing, plaintiff was ordered to get a job to pay financial demands of the [state] court;

- the [state] court demanded he pay $300/month in addition to child support demand.

(*Id.* at 8, Pg. ID 535 (citing Compl., ECF #1).)  She recommended that the Court dismiss Iannucci's Complaint because all of his alleged injuries resulted from the state-court orders.  (*Id.* at 4-11, Pg. ID 531-38.)

As noted above, the Magistrate Judge suggested in the alternative that, under *Heck*, the Court should dismiss all of Iannucci's claims related to the alleged misconduct in his criminal case because those claims call into question the validity of the underlying conviction in that case and because he has not obtained relief from his conviction.  (*Id.* at 10-11. Pg. ID 537-38.)

Iannucci has now filed timely objections to the R&R.  (*See* ECF #55.)  The Court considers each objection individually below.

## II.

**<u>Objection No. 1:</u>**  In this objection, Iannucci argues that the United States Court of Appeals for the Sixth Circuit has recognized "an exception" to the *Rooker-Feldman* doctrine that applies "if fraud is committed at any point during legal proceedings."  (*See id.* at 1, Pg. ID 556.)  He argues that the "exception" applies here because "fraud, misrepresentation, and other improper means exist."  (*Id.*)

8

Iannucci does not cite any Sixth Circuit decisions in this objection, but he cited *In re Sun Valley Foods Co.*, 801 F.2d 186, 189 (6th Cir. 1985), in support of his "fraud exception" argument in his responses to the motions to dismiss.  (*See* ECF ## 37, 38, 39.)  In *In re Sun Valley Foods*, the Sixth Circuit said that there is an "exception" to the *Rooker-Feldman* doctrine under which a federal court "may entertain a collateral attack on a state court judgment which is alleged to have been procured through fraud, deception, accident, or mistake." *Id.* at 189.  But *In re Sun Valley Foods* does not save Iannucci's claims.

As another district court in this Circuit recently explained, there is reason "to question the continuing validity of *In re Sun Valley Foods*."  *Dale v. Selene Finance LP*, 2016 WL 1170772, at *5 (N.D. Ohio Mar. 25, 2016) (Carr, J.). "Since recognizing [the fraud] exception [in *In re Sun Valley Foods*] nearly thirty years ago, the Sixth Circuit has, in cases involving the exception, yet to find it applicable." *Id.* at *4 (collecting cases).  More importantly, the Sixth Circuit decided *In re Sun Valley Foods* before the Supreme Court clarified the scope and nature of the *Rooker-Feldman* doctrine in *Exxon Mobil, supra*, and the Sixth Circuit's more recent, post-*Exxon Mobil* decisions applying the doctrine make clear that the *sole* "inquiry . . . is the source of the injury plaintiff alleges in the federal complaint." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006). Thus, "[i]f the source of the injury is the state court decision, then the *Rooker-*

9

*Feldman* doctrine would prevent the district court from asserting jurisdiction.  If there is some other source of the injury, such as a third party's actions, then the plaintiff asserts an independent claim."  *Id.*  Whether a state-court judgment was improperly obtained is no longer a factor.

As the court in *Dale* explained, permitting a plaintiff to avoid the *Rooker-Feldman* doctrine by alleging that the judgment under attack was obtained through fraud would– in contravention of the more recent *Rooker-Feldman* precedent described above – allow a plaintiff to pursue a claim in federal court even if the claim sought to redress an injury caused by a state-court judgment:

> After all, the [Sixth Circuit] emphasized in *McCormick*, *supra*, 451 F.3d at 393, that the dispositive question, for purposes of the *Rooker-Feldman* doctrine, is the source of the plaintiff's injury.  If the source is a state-court judgment, then a federal court has no jurisdiction to hear the claim.  But if the plaintiff can avoid that result by alleging some fraud, deception, accident, or mistake contributed to a state-court judgment, there is a wide road indeed around the *Rooker-Feldman* doctrine.

*Dale*, 2016 WL 1170772, at *5.  This in part explains why several more recent circuit-level decisions decline to follow *In re Sun Valley Foods* and/or to adopt the fraudulent-procurement "exception."  *See, e.g.*, *Scott v. Frankel*, 606 Fed. App'x 529, 532 n.4 (11th Cir. 2015); *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426-27 (2d Cir. 2014); *West v. Evergreen Highlands Ass'n*, 213 Fed. App'x 670, 674 n.3 (10th Cir. 2007).

Simply put, under the most recent on-point holdings of the Supreme Court and Sixth Circuit, a plaintiff may not avoid application of the *Rooker-Feldman* doctrine merely by alleging that the state-court judgment under attack was procured by fraud.

Moreover, even if the "fraud" exception from *In re Sun Valley Foods* applied here, Iannucci would still lose because "the gist of [his] federal complaint is that he is unhappy with the results of the state court proceedings." *Belock v. Burt*, 19 Fed. App'x 323, 325 (6th Cir. 2001) (holding that district court lacked jurisdiction under the *Rooker-Feldman* doctrine to hear claim that state-court child support order had been procured through fraud because essence of suit was plaintiff's unhappiness with state court result). Indeed, in Iannucci's presentation to the Magistrate Judge, he stressed that he "is not pleased with the State ruling in any manner" because the state courts "erred by using federal relief funds to calculate child support," and his requested relief included "an acquittal" in the state criminal case. (Pl.'s Resp., ECF #38 at 9, 20, Pg. ID 399, 410.) Because "the gist" of this action is an attack on state-court judgments, the "fraud" exception from *In re Sun Valley Foods* cannot salvage Iannucci's claims even if the exception still exists.

Finally, Iannucci's allegations that the state-court judgments were obtained by fraud are deficient. That is yet another reason that the "fraud" exception would

not save his claims even if it still exists. The Complaint does not identify any "fraud" that led to the entry of the child support order. Instead, the Complaint alleges that the Macomb County Friend of the Court and the Macomb County Circuit Court made legal errors in calculating his child support obligations. (Compl., ECF #1 at 2, Pg. ID 2.) And the Complaint does not identify any fraud that led to the entry of judgment against him in the criminal case. (*See id.* at 2-3, Pg. ID 2-3.)

For all of these reasons, the Court overrules Objection Number 1.

**Objection No. 2:** This objection argues that this Court has removal jurisdiction under 28 U.S.C. § 1441(c)(1)(a). (*See* Objections, ECF #55 at 1-2, Pg. ID 556-57.) This objection does not entitle Iannucci to relief because this action was never removed from state court to federal court, nor is the removal statute involved in this action in any way. In this objection, Iannucci also argues that this Court has subject matter jurisdiction because he alleges that federal laws have been violated. However, the fact that Iannucci alleges violations of federal laws does not make the *Rooker-Feldman* doctrine any less applicable. Iannucci is not entitled to relief based upon this objection.

12

**Objection No. 3:**  This objection seeks appointment of counsel.  (*See id.* at 2, Pg. ID 557.)  Thus, it is not truly an objection to the R&R.  To the extent Iannucci objects that he was not appointed counsel, that objection is overruled (and the Court declines to appoint counsel for him).  *Pro se* plaintiffs have "no constitutional right to appointed counsel in a civil case." *Abdur-Rahman v. Michigan Dep't of Corrections*, 65 F.3d 489, 492 (6th Cir. 1995).  And Iannucci has not provided the Court any basis to exercise its discretion and appoint counsel for him here.

**Objection No. 4:**  This objection contends that the R&R erroneously "seems to rely on dismissal through rules, not the actual laws."  (Objections, ECF #55 at 2, Pg. ID 557.)  Here, Iannucci seems to suggest that this Court need not follow the Federal Rules of Civil Procedure.  There is no merit in that argument and the Court overrules this objection.

**Objection No. 5:**  This objection begins with a question – asking why "the State, its actors and principles [sic]" felt the need to manufacture income withholding *orders* that were false.  (*Id.*; emphasis added.)  This question is not a proper objection to the R&R.  In any event, the question actually underscores that Iannucci is complaining about injuries inflicted by "orders" of the state court and,

13

accordingly, that the *Rooker-Feldman* doctrine applies here. The objection ends by restating the central premise of this civil action – that federal law precluded the state courts from requiring Iannucci to use his veterans' benefits to pay child support. This contention says nothing about how Iannucci's claims may proceed notwithstanding the *Rooker-Feldman* doctrine and this objection is overruled.

**Objection No. 6:** This objection refers to various provisions of the Federal Rules of Civil Procedure and to the remedy of *quo warranto*, but it does not explain how any of the cited rules or the *quo warranto* remedy entitle Iannucci to relief. (*Id.* at 3, Pg. ID 558.) Nor does the objection identify any error with the Magistrate Judge's analysis in the R&R. The objection is therefore overruled.

**Objection No. 7:** In this objection, Iannucci argues that the *Rooker-Feldman* doctrine does not deprive this Court of jurisdiction because "the source of [his alleged] injury is the trickery, scheme, misrepresentation, disobedience and fraud the defendants are all accused of participating in to some degree . . . not the [state-court] decision itself." (ECF #55 at 3, Pg. ID 558.) The legal foundation for this objection is solid: as noted above, the Sixth Circuit has explained that the *Rooker-Feldman* doctrine deprives a federal court of jurisdiction only where the source of the alleged injury is the state-court judgment. *McCormick*, 451 F.3d at 393.

14

The problem for Iannucci is that the injuries he identified his Complaint and asked this Court to remedy – i.e., the invasion of his veterans' benefits, his criminal conviction, and the deprivation of his rights to vote and possess firearms – were all caused *by the state-court judgments*.  Indeed, Iannucci's Complaint and Preliminary Injunction Motion do not identify any injury that he suffered separate and apart from the judgments.  Iannucci complains bitterly about the alleged misconduct of those involved in the civil and criminal litigation against him, but he does not identify any independent injury – i.e., an injury apart from the state-court orders – that he suffered as a result of that purported misconduct.  Indeed, any fair reading of Iannucci's Complaint reveals that his real "beef" is that the State of Michigan – through *judgments* entered by its courts – wrongly required him to use his federally-provided veterans' benefits to pay his child support obligations and then criminally convicted him for failing to make the payments.  The excerpt from the R&R quoted above at pages 7-8 of this Order effectively illustrates that all of Iannucci's alleged injuries flow from the state-court judgments, not from alleged misconduct by any of the Defendants.  (R&R, ECF #53 at 8, Pg. ID 535 (citing Compl., ECF #1).)  Simply put, Iannucci's Complaint belies his current assertion that the source of his alleged injuries was something other than the state-court judgments themselves.  And because those judgments caused his alleged injuries, this Court lacks jurisdiction over his claims.  His objection is therefore overruled.

15

In any event, even if Iannucci's Complaint could be read as asserting claims for injuries caused by the Defendants' alleged fraud (not by the state-court judgments themselves) – claims over which this Court arguably could have subject matter jurisdiction – the Complaint would still be subject to dismissal. That is because Iannucci has failed to assert any viable claims (for fraud or for anything else) against any of the Defendants. Iannucci's claims against each Defendant fail for the following reasons (among others):

- **<u>Defendant Snyder:</u>** Iannucci's sole allegation against Defendant Snyder in the Complaint is that he (Iannucci) "contacted the office of Governor Rick Snyder in order to acquire a pardon [of his state-court criminal conviction]. The request was denied." (Compl., ECF #1 at 3, Pg. ID 3.) Iannucci has failed to show that Defendant Snyder had any involvement in, or was even aware of, the civil or criminal cases against him in state court.

- **<u>Defendant Schuette:</u>** Iannucci's sole allegation against defendant Schuette in the Complaint is that Schuette "ignored the federal laws presented to him." (*Id.*) This allegation fails for the same reasons his allegation against Defendant Snyder fails: Iannucci has not shown that Defendant Schuette had any involvement in, or was even aware of, the civil or criminal cases against him in state court.

16

- **<u>Defendant Viar:</u>**  Iannucci's Complaint does not make a single allegation against Defendant Viar. The Complaint therefore completely fails to state a claim against Defendant Viar.

- **<u>Defendant Capps:</u>**  Iannucci's sole allegation against Defendant Capps in the Complaint is that he "obviously ordered the Michigan Friend of the Court system to assume subject matter jurisdiction over veterans compensation payments, while ignoring the plain wording of several federal laws." (*Id.*)  Iannucci has failed to explain how the state court assuming subject matter jurisdiction over veterans' compensation benefits amounts to fraud.

- **<u>Defendant Maio:</u>**  Iannucci's sole allegation against Defendant Maio in the Complaint is that he (Iannucci) argued that his veterans' benefits may not be used to pay child support, and that "[Defendant] Maio claimed that the legal argument was insolvent, and concluded that plaintiff was in receipt of BAH and BAQ payments for active duty military personnel." (*Id.* at 2, Pg. ID 2.) Iannucci has failed to explain how Defendant Maio's rejection of his legal argument amounts to fraud.

- **<u>Defendant Cole:</u>**  Iannucci alleges in his Complaint that he cross-examined Defendant Cole at his criminal trial "regarding income withholding orders that falsely established that he was a civilian employed by the federal office

17

of the Department of Veterans Affairs . . . ." (*Id.*) He alleges further that Defendant Cole testified that computers "can be manipulated to generate an income withholding order by a human operator." (*Id.* at 3, Pg. ID 3.) But Iannucci does not allege that *Defendant Cole* committed any improper manipulation. Iannucci has therefore failed to show that Defendant Cole helped to procure, by fraud, a judgment against him.

- **Defendants Darlow and Berishaj:** In the Complaint, Iannucci claimed that Defendants Darlow and Berishaj investigated his state-court criminal conviction and concluded that "there were no changes and continued the [criminal sentence's] demand for payment." (*Id.* at 2, Pg. ID 2.) At most, Iannucci's allegations against Defendants Darlow and Berishaj establish that they reviewed the terms of his sentence and concluded that those terms were proper. Iannucci has not explained how that amounts to fraud.

- **Defendant Pamukov-Miller:** Defendant Pamukov-Miller represented Iannucci prior to his criminal trial in state court. In the Complaint, Iannucci alleged that Defendant Pamukov-Miller applied "psychological pressure" and made "several direct threats to him." (*Id.*) But Iannucci also stated that he *fired* Defendant Pamukov-Miller before he proceeded to trial. (*See id.*) Iannucci has not identified any injuries flowing from Defendant Pamukov-Miller's conduct.

18

- **Defendant Black:**  Iannucci alleged in his Complaint that "Probation officer Carolyn Black chose to impose unusually strict demand [sic] upon me.  She claimed I had failed to change my address, which was proven false, but the court allowed her to change her complaint to non-payment of maintenance fees.  Those monies were then used to pay into the child support system, not the Michigan Department of Corrections fee collection system."  (*Id.* at 3, Pg. ID 3.)  But, again, Iannucci has failed to explain how Defendant Black's actions amount to fraud.

- **Defendant Brown:**  Iannucci's sole allegation against Defendant Brown is that "the name of Zenell Brown was found in a document that claimed that no laws applied to the veterans' compensation and that there was no authority over the payments.  It is the belief of plaintiff . . . that this may be a core factor governing the problems he has been forced to endure."  (*Id.*)  Here, Iannucci has established only that Defendant Brown's name appeared in an unidentified document.  He has not identified any fraudulent actions on the part of Defendant Brown.  And Iannucci has not made any allegations that Defendant Brown was ever aware of the civil or criminal actions against him in state court.

- **All Defendants:** Iannucci appears to assert a civil claim under 18 U.S.C. § 1964 against all Defendants for violation of the Racketeer Influence and

19

Corrupt Organization Act ("RICO").  (Compl., ECF #1 at 4, Pg. ID 4.)  But Iannucci has not identified any RICO predicate acts, nor has he alleged the existence of a RICO enterprise.

**Objection No. 8:**  In this objection, Iannucci seeks restoration of his right to vote. (Objections, ECF #55 at 3, Pg. ID 558.)  The objection says nothing about how the Magistrate Judge allegedly erred.  It thus provides no basis for the Court to reject the Magistrate Judge's recommendation.   Moreover, the objection actually underscores that the *Rooker-Feldman* doctrine applies here because Iannucci is complaining about an injury (his loss of his right to vote) that flowed directly from the judgment in his state-court criminal case.   Therefore, this objection is overruled.

**Objection No. 9:**  In this objection, Iannucci seeks restoration of his right to bear arms.  (*Id.*)  The objection says nothing about how the Magistrate Judge allegedly erred.  It thus provides no basis for the Court to reject the Magistrate Judge's recommendation.  Moreover, the objection actually underscores that the *Rooker-Feldman* doctrine applies here because Iannucci is complaining about an injury (his loss of his right to bear arms) that flowed directly from the judgment in his state court criminal case.  This objection is overruled.

**Objection No. 10:**  In this objection, Iannucci complains about a statement in the Michigan Court of Appeals decision affirming his criminal conviction.  (*Id.* at 4, Pg. ID 559.)  The objection presents no ground on which the Magistrate Judge allegedly erred.  Once again, this objection underscores that the *Rooker-Feldman* doctrine applies here because Iannucci is asking this Court to review a decision by the state court in his criminal case.  This objection is overruled.

**Objection No. 11:**  This is a lengthy objection in which Iannucci contends that the state courts lacked authority to compel him to use his veterans' benefits to pay child support and that the state court orders should thus be deemed "void ab initio." (*Id.* at 4-6, Pg. ID 559-61.)  The objection presents no ground on which the Magistrate Judge allegedly erred.  And again, the objection underscores that the *Rooker-Feldman* doctrine applies here because Iannucci is asking this Court to review state-court decisions.  This objection is overruled.

**Objection No. 12:**  This is a lengthy objection in which Iannucci asks this Court (1) to review "evidence" concerning whether he may be compelled to pay child support from his veterans' benefits and (2) "to acquit" him of the criminal charge for which he was convicted.  (*See id.* at 6-10, Pg. ID 561-65.)  Like so many of his

21

other objections, this one says nothing about how the Magistrate Judge erred and only underscores that the *Rooker-Feldman* doctrine applies here because the source of Iannucci's claimed injuries are the orders entered by the state courts. This objection is overruled.

## III.

Iannucci has not objected to the Magistrate Judge's additional recommendation that the *Heck* decision bars his claims based on alleged fraud committed during his criminal case because (1) those claims amount to an attack on the validity of the criminal conviction and (2) Iannucci has not obtained any relief from the conviction. By failing to object, Iannucci has waived review of the portion of the R&R recommending (in the alternative) dismissal under *Heck*. *See United States v. Walters*, 638 F.2d 947, 949 (6th Cir. 1981); *United States v. Taylor*, 281 Fed. App'x 467, 468-69 (6th Cir. 2008) ("Litigants who fail to object to a magistrate's report and recommendation, within the time provided, generally waive their right to challenge the decision.").

In any event, the Court has independently considered the merits of the *Heck* issue and agrees with the Magistrate Judge that *Heck* bars Iannucci's claims that the Defendants committed fraud that led to his criminal conviction. In his Objections (but not specifically in his Complaint), Iannucci alleges that the Defendants fabricated evidence and committed "perjury in order to convict [an]

22

innocent [person]."  (Objections, ECF #55 at 2, Pg. ID 557.)  This Court and many others have held that *Heck* bars such claims (if the plaintiff has not obtained relief from the conviction) because they attack the validity of the underlying conviction. *See, e.g.*, *Ketchum v. Khan*, 2014 WL 3563437, at *15 (E.D. Mich. 2014) (collecting cases); *Word v. City of Detroit*, 2006 WL 1704205, at *3 (E.D. Mich. 2006).

Thus, to the extent that Iannucci complains about fraud committed in his criminal case, that claim would fail even if the Court had subject matter jurisdiction over it.

## CONCLUSION

For the reasons provided above, **IT IS HEREBY ORDERED** that the Objections (ECF #55) are **OVERRULED**, that the Magistrate Judge's recommendation to dismiss the Complaint is **ADOPTED**, that the Motions to Dismiss (ECF ## 18, 23, 24) are **GRANTED,** and that the Complaint is **DISMISSED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  August 2, 2016

23

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 2, 2016, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113